IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUXOTTICA GROUP S.p.A. and OAKLEY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ZHI YING WU, ZHENHUI ZHANG, YAN ZHI, LU YINAN, KRYLOVA MARTA, and YANG YAN, <br><br> Defendants. | Case No. 18-cv-02549 <br><br> **Judge John Z. Lee** <br><br> **Magistrate Judge Jeffrey T. Gilbert** |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING
OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the Northern District of Illinois (the "Court") presents its compliments to the International Legal Cooperation Center of the Ministry of Justice of the People's Republic of China (the "PRC"), the PRC's Central Authority designated in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). The Court respectfully requests international judicial assistance from PRC to obtain evidence to be used in the above civil proceeding, and that the Ministry of Justice of the PRC recognize and arrange for the execution of the Letter of Request, in adherence to the Hague Convention and in the interest of comity.

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| 1. Sender | The Honorable Judge John Z. Lee<br>United States District Court for the Northern District of Illinois, Eastern Division<br>United States Courthouse Room 1225<br>Everett McKinley Dirksen Building, 219 South Dearborn Street<br>Chicago, Illinois 60604<br>United States of America |
|---|---|
| 2. Central Authority of the Requested State | Ministry of Justice of China<br>International Legal Cooperation Center<br>No.33 PingAnLi XiDaJie<br>Xicheng District, Beijing, 100035<br>People's Republic of China |
| 3. Person to Whom the Executed Request is to be Returned | The Honorable Judge John Z. Lee<br>United States District Court for the Northern District of Illinois, Eastern Division<br>United States Courthouse Room 1225<br>Everett McKinley Dirksen Building, 219 South Dearborn Street<br>Chicago, Illinois 60604<br>United States of America |
| 4. Section 4 Omitted from this Inquiry | |
| In conformity with article 3 of the convention, the undersigned applicant has the honour to submit the following request: | |
| 5. Authorities and Matters | |
| a. Requesting Judicial Authority (Article 3, a) | The Honorable Judge John Z. Lee<br>United States District Court for the Northern District of Illinois, Eastern Division<br>United States Courthouse Room 1225<br>Everett McKinley Dirksen Building, 219 South Dearborn Street<br>Chicago, Illinois 60604<br>United States of America |
| b. To the Central Authority of the People's Republic of China (Article 3, a) | Ministry of Justice of China<br>International Legal Cooperation Center<br>No.33 PingAnLi XiDaJie<br>Xicheng District, Beijing, 100035<br>People's Republic of China |

| | |
|---|---|
| c. Name of the Case and Identifying Number | Luxottica Group S.p.A. and Oakley, Inc., v. Zhi Ying Wu, Zhenhui Zhang, Yan Zhi, Lu Yinan, Krylova Marta, and Yang Yan<br><br>United States District Court for The Northern District of Illinois, Eastern Division<br><br>Case No. 18-cv-02549 |
| 6. Names and Addresses of the Parties and their Representatives (Article 3, b) | |
| a. Plaintiffs and Representatives | i. Luxottica Group S.p.A.<br><br>Luxottica Group Headquarter<br>3 Piazzale Cadorna<br>Milan 20123<br>Italy<br><br>ii. Oakley, Inc.<br><br>One Icon<br>Foothill Ranch, California 92610<br>United States of America<br><br>Attorneys for Plaintiffs Luxottica Group S.p.A. and Oakley, Inc.<br><br>Amy C. Ziegler<br>Justin R. Gaudio<br>RiKaleigh C. Johnson<br>Greer, Burns & Crain, Ltd.<br>300 South Wacker Drive, Suite 2500<br>Chicago, Illinois 60606 |
| b. Defendants and Representatives | Zhi Ying Wu, Zhenhui Zhang, Yan Zhi, Lu Yinan, Krylova Marta, and Yang Yan<br><br>Defendants have failed to appear for these proceedings |
| c. Other Parties and Representatives | Harbin Bank Co., Ltd.<br>No. 888 Shangjiang Street<br>Daoli District<br>Harbin, 150010<br>China |
| 7. Nature and Purpose of the Proceedings and Summary of the Facts (Article 3, c) | |

3

| | |
|---|---|
| a. Nature of Proceedings | This is a trademark infringement action under both the Lanham Act, 15 U.S.C. §1114, *et seq.*, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq.*, in the United States District Court for The Northern District of Illinois, Eastern Division, Case No. 18-cv-02549. |
| b. Summary of Facts | Plaintiffs Luxottica Group S.p.A. ("Luxottica") and Oakley, Inc. ("Oakley") produce, manufacture, and distribute premium, luxury, and sports eyewear. Luxottica owns the Ray-Ban family of trademarks, including U.S. Trademark Registration Numbers: 595,513; 650,499; 1,080,886; 1,093,658; 1,320,460; 1,537,974; 1,726,955; 2,718,485; and 3,522,603. Defendants created and operated internet stores which were offering for sale and selling counterfeit products, bearing Plaintiffs' trademarks, to consumers in the United States. Defendants are identified by the corresponding registrant information for their internet stores, operating over 4,800 internet stores between them. Plaintiffs' investigators were able to complete credit card transactions through domain names "rbxltg.com" and "rbcurt.com", and both of these domains are registered to defendant Yan Zhi. Plaintiffs' investigators received sunglasses purchased through these transactions and confirmed that the sunglasses bore counterfeit Ray-Ban trademarks. The payees of these transactions were merchant accounts listed as "externalscript shen zhen shi CHN" and "GPay*drivemarket". On April 24, 2018 Plaintiffs issued a letter to Visa, Inc. ("Visa") requesting the identities of at least the Defendants operating the merchant accounts "externalscript shen zhen shi CHN" and "GPay*drivemarket". While Visa. was unable to provide Plaintiffs with the identity of the individual behind these transactions, Visa was able to identify that the transactions went through Harbin Bank Co., Ltd. ("Harbin Bank"). Plaintiffs now seek to discover the identity of the Defendant(s) behind these transactions through Harbin Bank. |
| c. Summary of Defenses and/or Counterclaims | Defendants have failed to appear in these proceedings and have not asserted any defenses or counterclaims. |
| 8. Evidence to be Obtained (Article 3, d) | Obtain, from Harbin Bank, documents sufficient to establish the identity of payee "GPay*drivemarket" in a transaction occurring on or about March 13, 2018 at the internet store rbcurt.com. |

4

| | |
|---|---|
| | Obtain, from Harbin Bank, documents sufficient to establish the identity of payee "externalscript shen zhen shi CHN" in a transaction occurring on or about March 5, 2018 at the internet store rbxltg.com. |
| Sections 9-10 Omitted from this Inquiry | |
| 11. Documents or Other Property to be Inspected (Article 3, g) | Documents sufficient to establish the identity of payee "GPay*drivemarket" in a transaction occurring on or about March 13, 2018 at the internet store rbcurt.com. Documents sufficient to establish the identity of payee "externalscript shen zhen shi CHN" in a transaction occurring on or about March 5, 2018 at the internet store rbxltg.com |
| Sections 12-16 Omitted from this Inquiry | |
| 17. The Fees and Costs Incurred Which are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention Will be Borne by: | Attorney for Plaintiffs Luxottica and Oakley Justin R. Gaudio Greer, Burns & Crain, Ltd. 300 South Wacker Drive, Suite 2500 Chicago, Illinois 60606 |
| 18. Date of Request: | |

**Signature and Seal of the Requesting Authority:**

_____

John Z. Lee

Dated 10/22/18                                                      United States District Court Judge